UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wendy Cheryl Gillespie,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. Department of Labor, Office of Worker's Compensation,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-00057-JAD-DJA<br><br>**Order** |

　　　　Plaintiff Wendy Cheryl Gillespie is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-2). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.　　Discussion.**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1999) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges that she would like to add a cause of action regarding her cervical spine to her original complaint's cause of action regarding her left arm and shoulder. (ECF No. 6 at 3). She asserts that Defendant, the U.S. Department of Labor, wrongfully closed her worker's compensation claim on the false grounds that her "cervical [spine] injury is a [sic] non-work related…" (*Id.*). She alleges that the injury to her spine occurred while she was working for the U.S. Department of Homeland Security. (*Id.*).

Even liberally construing the amended complaint, the Court finds that Plaintiff does not state a claim against the Defendant. As a preliminary matter, Plaintiff's original complaint (ECF No. 1-2) no longer serves any function in this case. Thus, to the extent Plaintiff refers to her original complaint for her allegations regarding her shoulder and left arm, that reference fails. Because an amended complaint supersedes the original, Plaintiff must re-allege any claims she wishes to preserve in an amended complaint.

Plaintiff's amended complaint also has the same deficiencies as her original complaint. While she generally describes getting an injury at work and having her worker's compensation claim denied, she does not provide sufficient facts for the Court to understand what legal claims she seeks to assert. Plaintiff still does not provide factual allegations regarding the underlying dispute and the Defendant's role in the case other than asserting in conclusory fashion that Defendant denied her worker's compensation claim. Plaintiff also still fails to include a statement

about the basis for jurisdiction. The Court will therefore dismiss Plaintiff's complaint with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Second Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of her claims against them and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-2) and her amended complaint (ECF No. 6) no longer serve any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 6) is **dismissed with leave to amend**. Plaintiff shall have until **July 8, 2022** to file an amended complaint. Failure to file an amended complaint by **July 8, 2022** could result in the recommended dismissal of this case.

DATED: June 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE