UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wendy Cheryl Gillespie,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. Department of Labor, Office of Worker's Compensation,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-00057-JAD-DJA<br><br>**Order** |

　　　　Plaintiff Wendy Cheryl Gillespie is proceeding *pro se* under 28 U.S.C. § 1915.  (ECF No. 1).  After the Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed her complaint, it provided her an opportunity to amend her complaint.  (ECF No. 4).  Plaintiff amended her complaint, which amendment the Court found to still be deficient under its screening standard.  (ECF No. 9).  The Court gave Plaintiff another opportunity to amend her complaint, which complaint Plaintiff timely amended.  (ECF No. 10).  The Court now screens and dismisses Plaintiff's second amended complaint without prejudice.  (ECF No. 10).  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.　　Discussion.**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1999) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, the Court dismisses Plaintiff's second amended complaint with leave to amend.  As an initial matter, Plaintiff's complaint is incomplete.  Plaintiff did not fill out the portion of the complaint form explaining what type of jurisdiction the Court has over her claims. (ECF No. 10 at 3).  While she sues a federal agency, presumably under a federal statute, the Court cannot speculate the basis for her claims.  Plaintiff also failed to include the type of relief she seeks. (*Id.* at 5).

Additionally, Plaintiff again fails to provide the factual basis for her claims.  She asserts that she was let go from her employment with the U.S. Department of Homeland Security Transportation Security Administration for a left arm injury and disc protrusion injury. (*Id.* at 4). But other than an explanation about why she included certain facts in her last amended complaint, her allegation that she was let go from her former job is the extent of her allegations.  As the Court has pointed out before, Plaintiff cannot rely on a previous complaint to make her current complaint whole.  But even referencing her prior complaints, it is unclear what claims Plaintiff is alleging.

Plaintiff also cites to and attaches exhibits showing her medical records and a letter from the U.S. Department of Homeland Security relieving her of her duties. (ECF No. 10 at 7-40); (ECF No. 11). But the Court cannot speculate about which claims Plaintiff is bringing by reading through her medical records. Instead, Plaintiff must explain the basis for her claims and the facts surrounding them. For example, to the extent she is asserting that her employer violated the Americans with Disabilities Act by discriminating against her, she must expressly make that claim and allege the facts that show its elements.[1] Because she neither identifies her claims nor asserts any facts to support them, the Court dismisses Plaintiff's complaint with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Third Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying facts and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of her claims against them and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-2) and her amended complaints (ECF Nos. 6 and 10) no longer serve any function in this case. As such, the third amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

---

[1] To establish a case of disability discrimination under the ADA, a plaintiff must show: (1) she is a disabled person within the meaning of the statute; (2) she is a qualified individual with a disability; and (3) she suffered an adverse employment action because of her disability. *See Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015).

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 10) is **dismissed with leave to amend**. Plaintiff shall have until **September 8, 2022** to file an amended complaint. Failure to file an amended complaint by **September 8, 2022** could result in the recommended dismissal of this case.

DATED: August 9, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE